**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL ALBERTO MICHEL-
GALAVIZ,

    Defendant - Appellant.

No. 18-4138
(D.C. No. 2:16-CR-00326-JNP-EJF-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Manuel Alberto Michel-Galaviz pleaded guilty to one count of conspiracy to

distribute methamphetamine and one count of conspiracy to distribute heroin. The

parties entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement in which they

stipulated that a reasonable sentence would be no more than 84 months'

imprisonment. The district court accepted the plea agreement and imposed a

sentence of 66 months.[1] Despite the broad appeal waiver in his plea agreement,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The court also imposed a consecutive 24-month sentence in a separate case at the same time (D.C. No. 2:18-CR-93-JNP), bringing the total sentence to 90 months. *See* R., Vol. 1 at 230; *id*., Vol. 3 at 76.

Mr. Michel-Galaviz filed a notice of appeal. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Counsel filed a response to the motion to enforce citing *Anders v. California*, 386 U.S. 738 (1967), Resp. at 1, and stating his belief that "there are no non-frivolous issues to be raised on behalf of Mr. Michel-Galaviz for appellate purposes," *id*. at 4. Counsel also filed a motion to withdraw. We gave Mr. Michel-Galaviz an opportunity to respond to the motion to enforce, but he has not done so.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. We have reviewed the proceedings in accordance with our obligation under *Anders*. *See* 386 U.S. at 744.[2] We conclude the *Hahn* factors have been satisfied, and there is no non-frivolous argument to make against enforcing the appellate waiver. Accordingly, we grant the

---

[2] We note that the government's motion to enforce purports to attach: the plea agreement, transcript of the Change of Plea Hearing on January 30, 2018, and transcript of the Sentencing Hearing on August 17, 2018. *See* Mot. to Enf. at 2. However, there were no attachments filed with the motion. We have therefore reviewed all of these documents from the record. *See* R., Vol. 1 at 195-201 (Plea Agreement); *id*., Vol. 2 at 26-49 (Change of Plea Hearing), *id*., Vol 3 at 22-83 (Sentencing Hearing).

motion to enforce and dismiss this appeal. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam